IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **REGINA GEORGE,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| vs. | * | Civil Action No.  ADC-20-0650 |
| | * | |
| **STATE OF MARYLAND,** | * | |
| **DEPARTMENT OF PUBLIC SAFETY** | * | |
| **AND CORRECTIONAL SERVICES,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Defendant, the State of Maryland, Department of Public Safety and Correctional Services ("Defendant"), moves this Court to dismiss the Complaint of *pro se* Plaintiff, Regina George ("Plaintiff"), for discrimination under the Americans with Disabilities Act, U.S.C. § 12101-12117 (the "Motion to Dismiss") (ECF No. 13). After considering the Motion to Dismiss and the response thereto (ECF No. 15), the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2018). For the reasons stated herein, the Court GRANTS Defendant's Motion to Dismiss.

### BACKGROUND

When reviewing a motion to dismiss, this Court accepts as true the facts alleged in the challenged complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff began working for Defendant in 1989. ECF No. 1 ¶ 5. In 1998, Plaintiff suffered a foot injury which greatly impaired her mobility. *Id.* ¶ 6. After the injury, Defendant provided a practicable workspace and increased accessibility to the work site in order to accommodate Plaintiff's disability. *Id.* ¶ 7. In 2015, Plaintiff suffered a traumatic brain injury and she was unable to work for several months. *Id.* ¶ 8. In 2016, less than a year after her brain injury, Plaintiff was cleared

by her treating physician to return to work. *Id.* ¶ 9. However, Defendants "refused to return [Plaintiff] to her former position, refused to provide her another position, and ultimately forced [Plaintiff] to resign." *Id.* ¶ 10. Plaintiff was embarrassed, humiliated, and suffered substantial emotional distress as a result of her termination. *Id.* ¶ 11. Since her termination, Plaintiff has attempted to find alternate employment. *Id.* ¶ 12. On December 18, 2019, Plaintiff was issued a Right to Sue letter by the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 13.

On March 9, 2020, Plaintiff filed this lawsuit against Defendant seeking compensatory and injunctive relief alleging discrimination in violation of the Americans with Disabilities Act, U.S.C. § 12101-12117 ("ADA"). ECF No. 1. On October 1, 2020, Defendant filed a motion to dismiss for lack of subject matter jurisdiction. ECF No. 13. Plaintiff filed a response in opposition on October 22, 2020. ECF No. 15. Accordingly, the Motion to Dismiss is fully briefed.

## DISCUSSION

### A. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought in a complaint. *See Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D.Md. 2005). Essentially, a Rule 12(b)(1) motion to dismiss asserts that the plaintiff lacks "a right to be in the district court at all." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012). The burden of establishing the court's subject matter jurisdiction rests with the plaintiff. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

A defendant can challenge the District Court's jurisdiction either facially or factually. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When a defendant presents a facial

2

challenge, the defendant "contend[s] 'that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based.'" *Id.* (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). When addressing a facial challenge, a court takes the complaint's allegations as true and denies the motion "if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.* When a defendant presents a factual challenge, the defendant contends that the allegations in the plaintiff's complaint are not true. *See id.* When addressing a factual challenge, a court "'may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations,' without converting the motion to a summary judgment proceeding." *Id.* (quoting *Adams*, 697 F.2d at 1219) (emphasis omitted).

### B. Defendant's Motion

In her complaint, Plaintiff brings this action as an ADA discrimination claim and seeks monetary damages and injunctive relief. ECF No. 1 at 3, 4. Defendant seeks to dismiss Plaintiff's claim pursuant to Rule 12(b)(1), asserting sovereign immunity under the Eleventh Amendment. ECF No. 13-1 at 1. Defendant maintains that they neither consented to the suit nor waived their Eleventh Amendment immunity. The Court agrees with Defendant.

The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or subjects of any Foreign State." U.S. Const. amend. XIV, § 2. Under the Eleventh Amendment, states are generally afforded immunity from suits brought in federal court by their own citizens. *Burley v. Balt. Police Dept.*, 422 F.Supp.3d 986, 1021-22 (D.Md. 2019). The Eleventh Amendment also insulates "an instrumentality of a state, sometimes referred to as an arm of that state, which includes state

3

agencies" from lawsuits in federal court. *Id.* (internal citations omitted). The Fourth Circuit has noted three exceptions to the applicability of state sovereign immunity:

> First, Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority…Second, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law…Third, a State remains free to waive its Eleventh Amendment immunity from suit in federal court.

*Id.* at 1023 (citing *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 249 (4th Cir.2012)) (internal citations omitted). Under Maryland law, the Department of Public Safety and Correctional Services is an agency of the State and thus afforded sovereign immunity. Md.Code Ann., Corr. Servs. § 2–101. Therefore, in order to proceed, Plaintiff's suit would need to fall into one of the three exceptions.

Plaintiff alleges a general claim of discrimination in violation of the ADA. ECF No. 1 at 4. A *pro se* complaint is to be "liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). As such, Plaintiff's claim will be analyzed as bringing an action under Title I of the ADA. Title I of the ADA prohibits an employer from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

Plaintiff has not pled facts enabling her to bypass Eleventh Amendment immunity. Plaintiff's claim cannot proceed under the first exception, as the Supreme Court found Congress has not abrogated States' immunity regarding Title I of the ADA. *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 368 (2001). The Eleventh Amendment bars suit

4

in federal court by state employees to recover money damages for "the State's failure to comply with Title I of the ADA." *Id.* Here, Plaintiff has brought precisely the type of suit that was addressed by the Court in *Garrett*. Plaintiff "demands judgment in the amount greater than seventy-five thousand dollars against Defendant…and all other relief…including but not limited to injunctive relief requiring Defendant to reinstate Ms. George." ECF No. 1 at 5.

Plaintiff is unable to bring her claim under the second exception either. Though Plaintiff is also seeking injunctive relief, the exception to sovereign immunity when a plaintiff is seeking declaratory or injunctive relief applies only when a state official is sued in their official capacity. *See Virginia Office for Protection and Advocacy v. Stewart*, 563 U.S. 247, 255 (2011). Assuming Plaintiff had brought this suit against individual state officials, her claim for injunctive relief would still be barred by the Eleventh Amendment. The injunctive relief exception does not apply "when the state is the real, substantial party in interest" as is the case here. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 101 (1984).

Finally, the third exception is not applicable because the State has not waived their sovereign immunity for claims under Title I of the ADA. The test to determine whether a state has waived its immunity from suit in federal court is a stringent one and a court may find that a state has waived its sovereign immunity "only where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction." *Burley*, 422 F.Supp.3d 1021-22 (internal citations omitted). There is no such language waiving the State's immunity in cases alleging violations of the Americans with Disabilities Act.

5

Therefore, Plaintiff's claim of discrimination does not fall within any of the exceptions to sovereign immunity and must be dismissed. Accordingly, because Plaintiff's claims are barred by the Eleventh Amendment, Defendant's Motion to Dismiss is GRANTED.

## CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss (ECF No. 13) is GRANTED. A separate Order will follow.

Date: 28 January 2021

A. David Copperthite
United States Magistrate Judge